Leslie Burns (SBN 276687)
Burns the Attorney
P.O. Box 178964
San Diego, CA 92177
(619) 798-8186
leslie@burnstheattorney.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASTERFILE CORPORATION, a Canada Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WEJUNGO CORPORATION, a California Corporation,<br><br>and<br><br>SUSAN S. JAPS, an individual<br><br>Defendants. | Case No. '17CV0242 JLS RBB<br><br>COMPLAINT FOR DIRECT AND VICARIOUS COPYRIGHT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Masterfile Corporation ("Masterfile") states its claims against Wejungo Corporation ("Wejungo") and Susan S. Japs ("Japs") (collectively, "Defendants") as follows:

THE PARTIES TO THIS COMPLAINT

1. Plaintiff Masterfile is a Canadian corporation with its principal place of business at 3 Concorde Gate, Fourth Floor, Toronto, Ontario,

Canada M3C 3N7. Masterfile is a stock image licensing agency that is in the business of licensing reproduction and usage rights in images to users for a fee.

2. On information and belief, Wejungo is a California corporation, entity number C3773982, headquartered and doing business in this District, and may be served through its agent for service of process, Japs, at its office located at 1901 1st Avenue, 2nd Floor, San Diego, California 92101.

3. On information and belief, Susan (aka "Susie") Japs is a California resident, Chief Executive Officer, President, and Managing Director of Wejungo; and she works and resides in this District and may be served at her office located at 1901 1st Avenue, 2nd Floor, San Diego, California 92101.

## JURISDICTION AND VENUE

4. This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.* Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants because they reside in and transact, solicit, and do business in this District and because a substantial part of the relevant events occurred in this District.

6. Venue is proper under 28 U.S.C. §§ 1391(b)(1-2), (c) and 1400(a).

## OPERATIVE FACTS

7. Masterfile is an image licensing agency that specializes in licensing rights-managed images for commercial use. Masterfile partners with and represents professional photographers who seek to license their

original works for commercial purposes, including on the Internet.

8. Masterfile has the exclusive right to license the rights-managed image, shown directly below, which is catalogued and offered for licensing on Masterfile's website at www.masterfile.com ("Masterfile Website") as image number and title: 700-00199476 *Zebra and Wildebeest Etosha National Park Namibia, Africa* (the "Image").



9. Masterfile executed Artist Agreements with the author of the Image, Garry Black, on June 1, 1999 and December 10, 2010, whereby the author granted the exclusive right to Masterfile to license the Image for commercial use, other copyright rights under Section 106 of the Copyright Act, and the exclusive right to pursue litigation on behalf of the author.

10. Masterfile registered the Image with the United States Copyright Office as part of a Group Registration, in compliance with all Copyright Office requirements, and received Certificate number VA1-232-777 with an effective date of February 19, 2004, attached as Exhibit A.

11. Masterfile is the proprietor of the right, title, and interest in and to the copyright in the Image, under 17 U.S.C. § 201.

12. Masterfile complied with all respects with the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*, as amended, and all other laws and regulations governing copyrights and all times relevant to this action held those rights; thus, it secured the exclusive rights and privileges in and to the copyright in the Image.

13. The Image is an original, distinctive, creative, work of authorship, unique in perspective, orientation, positioning, lighting and other details, fixed in a tangible medium of expression from which it can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device. As such, the Image is subject matter protectable under the Copyright Act.

14. At all times relevant to this action, Masterfile was the sole and exclusive owner of all right, title, and interest in and to the copyright in the Image.

15. Masterfile incorporated copyright management measures on the Masterfile Website, including attribution posted adjacent the Image, information on licensing, and a watermark across the image that read "Masterfile" so that anyone searching its database would be on notice as to the Image's copyright ownership and the terms of any use of the Image, as shown below:




16. On information and belief, Wejungo owns and operates the website at wejungo.com ("Wejungo Website") through which it advertises its services and solicits customers.

17. On or around January 11, 2016, Masterfile discovered that Defendants had reproduced and were displaying and distributing the Image on the Wejungo Website at http://wejungo.com/networking-do-you-qualify-for-my-time/, as shown below:


Networking - Do You Qua ×

wejungo.com/networking-do-you-qualify-for-my-time/

weJUNGO™ creating success together

COMMUNITY PARTNERS

WHAT WE DO OUR CLIENTS WHO WE ARE SUCCESS STORIES RESOURCES CONTACT

you are connecting with the right people, is a poor investment.

**How to Qualify Your Networks**

**Know your people.** Not everyone is your best customer. Some don't need what you have. Some do, but want it cheaper. Some are just passing through, and others may be repeat buyers. Some buy like guys, some shop like women. If you can't describe your best customer *in detail*, then stay home and do your homework rather than wasting two hours at a Chamber of Commerce mixer with people who have no interest in your services. ***(sound familiar?)***

**Are you at the right watering hole?** The wildebeest are over there, and the zebra over here. Hanging around the wildebeest watering hole all day when you are a *zebra-vore* means you are going home hungry. Know who feeds you best, and find out where they are. Are they on Twitter? Facebook? With Rotary? Do they sit on museum boards? ***Don't go unless you know your best customer is there waiting for you.***

**Know what success looks like.** What do you need? One sale? An order for a million units? Do you need a quick sale? Or are you playing a longer game? Maybe you need names on a mailing list. Or a commitment to a free seminar or webinar. There is nothing wrong with softer, front-of-mind objectives as long as they are at the front of the *right* minds! Either way, set a goal for any networking effort. Success metrics matter, even in networking.

**Notches on the headboard.** Once you have the metrics, track them. How many emails were you able to harvest at that last convention? How many appointments after that last Alumni mixer? How many referrals from your lunch guests?

18. Upon information and belief, Wejungo first published the Image on March 29, 2012, as seen in a screenshot of the top of the same page, shown below:


Networking - Do You Qua ×

wejungo.com/networking-do-you-qualify-for-my-time/

weJUNGO™ creating success together

COMMUNITY PARTNERS

WHAT WE DO OUR CLIENTS WHO WE ARE SUCCESS STORIES RESOURCES CONTACT

March 29, 2012

**Do You Qualify?**

*Contributed by Clemens Rettich*

**Networking is Not Free…Yep that's what I said**

It's not free, no matter how often people tell you it is.

**WEEKLY CURRENT NEWS & TRENDS**

Email *

SUBSCRIBE

19. On January 14, 2016, Masterfile sent notice via overnight courier

(FedEx) to Defendants that the Image appeared on the Wejungo Website without authorization of Masterfile or the law; the notice was received on January 15, 2016.

20. Sometime shortly after receiving notice, the Image was removed from the Wejungo Website.

21. Masterfile then attempted to engage with Defendants directly and repeatedly via email, to settle Masterfile's claims, until June 30, 2016, but it never received a response.

22. Masterfile then engaged outside counsel who also attempted to contact Defendants repeatedly via email and telephone, starting on July 20, 2016; Defendants did not respond (except for an auto-responder "on vacation" email from Japs, received by counsel on August 22, 2016) until a lawyer claiming to represent Defendants sent an email to Masterfile's counsel on October 13, 2016.

23. Masterfile, through counsel, attempted to negotiate a reasonable settlement with Defendants through the end of 2016, but was unable to do so.

24. Masterfile never authorized Defendants to reproduce, display, or distribute the Image on the Wejungo Website or in any manner whatsoever.

## FIRST CLAIM

Direct Copyright Infringement – 17 U.S.C. §§ 101 *et seq.*

25. Masterfile re-alleges and incorporates by reference paragraphs 1 through 23 above.

26. On information and belief, Wejungo had access to the Image through the Masterfile Website.

27. Wejungo's reproduction of the Image and its display and distribution

are substantially similar, in fact identical, to the Image.

28. The Image is and was not otherwise available online, to Masterfile's knowledge, without attribution or notice that the Image's copyright is owned by Masterfile.

29. Wejungo did not have the authorization of Masterfile, or the law, to reproduce, display, or distribute the Image.

30. Wejungo cannot claim any protection from liability under 17 U.S.C. §512 for any reason, including that it did not have an agent designated with the U.S. Copyright Office and it is not a service provider as defined under that section.

31. Wejungo has not compensated Masterfile for reproducing, displaying, or distributing the Image.

32. Without Masterfile's authorization, Wejungo reproduced and publicly displayed Masterfile's copyrightable work in violation of 17 U.S.C. § 501.

33. Wejungo's conduct violates the exclusive rights belonging to Masterfile under 17 U.S.C. § 106.

34. As Masterfile discovered that Wejungo was reproducing, displaying, and distributing the Image in or around January 2016; Masterfile's claims of infringement are within the three-year statute of limitations period pursuant to 17 U.S.C. § 507(b).

35. As a direct and proximate result of its wrongful conduct, Wejungo has realized and continues to realize profits and other benefits rightfully belonging to Masterfile relating to the Image. Accordingly, Masterfile is entitled to and seeks an award of actual damages and profits plus attorneys' fees and costs, under 17 U.S.C. §§ 504(b) and 505.

36. In the alternative, since Masterfile registered the copyright in the

Image prior to Wejungo's infringement, Masterfile is entitled to and seeks statutory damages for Wejungo's infringement of the Image, including attorneys' fees and costs, under 17 U.S.C. §§ 504(c)(1) and 505.

37. As Wejungo was aware that the work was copyrighted, Wejungo's infringement of Masterfile's copyright was willful and performed with knowledge that the reproduction and display of the Image was unauthorized; Masterfile is therefore entitled to and seeks enhanced statutory damages, under 17 U.S.C. § 504 (c)(2).

## SECOND CLAIM

### Vicarious Copyright Infringement by Japs

38. Masterfile re-alleges and incorporates by reference Paragraphs 1 through 36 above.

39. As Managing Director, CEO, and President of Wejungo and operator of the Wejungo Website, Japs had both a legal right to avoid, stop, control, or limit the direct infringement related to the Image, as well as the practical ability to do so.

40. Additionally, as Managing Director, CEO, and President of Wejungo and operator of the Wejungo Website, Japs gained a direct financial benefit, including customer goodwill, arising from the direct infringement of the Image on the Wejungo Website.

41. As Japs had (1) the right and ability to supervise or control the infringing activity; and, (2) a direct financial benefit from that activity, Japs is vicariously liable for the infringement of the Image.

42. As a direct and proximate result of Japs' vicarious infringement as described above, Masterfile has suffered injuries and damages.

## PRAYER FOR RELIEF

Masterfile prays that this Honorable Court:

1. Issue an order that Defendants' unauthorized conduct violates Masterfile's rights under the Federal Copyright Act of 1976, as amended, at 17 U.S.C. §101, *et seq*.;
2. Order that Defendants willfully infringed Masterfile's rights in the Image, under the Copyright Act.
3. Order that Japs is vicariously and thus jointly and severally liable for the direct infringement of Masterfile's Image;
4. Order Defendants to account to Masterfile for all gains, profits, and advantages derived from Defendant's infringement of the Image;
5. Order Defendants to pay Masterfile all profits and damages in such amount as may be found pursuant to 17 U.S.C. § 504(b) (with interest thereon at the highest legal rate) for Defendants' infringement of the Image; alternatively, maximum statutory damages in the amount of $30,000 for the infringement under 17 U.S.C. § 504 (c)(1); or such other amount as may be proper under 17 U.S.C. § 504;
6. Upon a finding that the infringement was willful, award Masterfile enhanced statutory damages in the amount of $150,000 for Defendants' infringement of Masterfile's copyrights in the Image under 17 U.S.C. § 504 (c)(2); or such other amount as may be proper under 17 U.S.C. § 504;
7. Order Defendants to pay Masterfile its costs of litigation and reasonable attorneys' fees in this action, under 17 U.S.C. § 505;
8. Order that Defendants are subject to preliminary and permanent injunctions providing that Defendants shall to deliver to Masterfile all copies of the Image and all other materials containing such

infringing copies of the Image in Defendants' possession, custody or control;

9. Order Defendants, their agents, and servants to be enjoined during the pendency of this action and permanently from infringing the copyrights of Masterfile in any manner and from reproducing, distributing, displaying, or creating derivative works of the Image;

10. Award prejudgment and post-judgment interest and all costs of court to Masterfile; and,

11. Order such other and further relief as this Honorable Court deems just and equitable.

Jury Trial Demand

Masterfile demands a jury trial on all of the foregoing counts.

Respectfully submitted,

February 8, 2017 by s/ Leslie Burns

Leslie Burns (CA Bar #276687)
*Attorney for Plaintiff,*
*Masterfile Corp.*
email: leslie@burnstheattorney.com